# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CINTHIA GUADALUPE ESCALANTE
SALCIDO,

      Petitioner,

v.

DORA CASTRO, Warden of the Otero
County Processing Center; MARY DE
ANDA YBARRA, Field Office Director El
Paso Office, U.S. Immigration and Customs
Enforcement;  TODD BLANCHE, in his
official capacity as Acting Attorney General
of the United States; DAVID VENTURELA,
Acting Director U.S. Immigration and
Customs Enforcement; and MARKWAYNE
MULLIN, in his official capacity as
Secretary of the U.S. Department of
Homeland Security,

      Respondents.

Case No. 2:26-cv-02341-MIS-SCY

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Cinthia Guadalupe Escalante Salcido's

Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed July 20, 2026. The Federal

Respondents, Todd Blanche, Markwayne Mullin, and Mary De Anda Ybarra, filed a Response

August 10, 2026 ("Response"). ECF No. 6. Upon Review of the Parties' submissions, the record,

and the relevant law, the Court will **GRANT** the Petition.

## I.    Background

Petitioner is a citizen of Mexico who was brought to the United States as a child and was

admitted into the country in November 2002 on a B2 nonimmigrant visa. Pet. at 8. She has

remained continuously present in the U.S. ever since, id., and has many close family members

living in the United States including her thirteen-year-old U.S. citizen child who she is the primary caregiver for, and a U.S. citizen cousin who has offered to sponsor her throughout immigration court proceedings. Id. at 6-7.

In January of 2026, immigration officials detained Petitioner after she was pulled over for speeding. Resp. at 2.  She has remained in immigration detention ever since and is presently detained at the Otero County Processing Center in Chapparal, New Mexico. Pet. at 1.

On May 15, 2025, Petitioner received a bond hearing before an immigration judge at which bond was denied because "Flight Risk." Order of the Immigration Judge, ECF No. 6-1.

Petitioner then filed the instant Petition on July 20, 2026, seeking immediate release, or alternatively a constitutionally adequate custody hearing. Pet. at 7. Federal Respondents filed a Response to the Petition on August 10, 2026, ECF No. 6.

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

### III.     Discussion

Petitioner argues that her continued detention–now spanning nearly seven months–has become unconstitutionally prolonged and violates her rights under the Fifth Amendment. Pet. at 6-7.

Respondents state that Petitioner's detention is governed by 8 U.S.C. § 1226 but argue the Petition should be denied because Petitioner already received a bond hearing on May 15, 2026, at which an immigration judge deemed her a flight risk and denied bond. Resp. at 2-5. Because of that, Respondents contend Petitioner has received all the due process she is owed and review of the discretionary bond decision is barred by Section 1226(e). Id. at 5.

Petitioner was apprehended within the interior of the U.S. after continuously living in the United States for more than two decades. Pet. at 6. Thus, as the Tenth Circuit recently held in Santillan Quiroz v. Mullin, Petitioner's detention is governed by § 1226(a). No. 266019, 2026 WL 1876709, at *8 (10th Cir. June 30, 2026). Further, while Respondents are correct that Petitioner received a bond hearing, the record before the Court does not suggest the hearing was constitutionally adequate under the Fifth Amendment, nor complaint with the INA. The immigration judge's order provides a two-word statement without explanation to justify denying bond: "Flight Risk." See Order of the Immigration Judge, ECF No. 6-1. That is merely the determination. Further, Respondents themselves acknowledge that under In re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006),  an Immigration Judge is tasked with deciding whether to release noncitizens "based on a variety of factors that account for the noncitizen's ties to the United States and evaluate whether the noncitizen poses a flight risk or danger to the community" when conducting a bond hearing. Resp. at 4 (citing In re Guerra). Here, a two-word conclusion that contains no elaboration/explanation and reflects no consideration of the other factors deemed relevant in In re Guerra, does not support a finding that Petitioner received a constitutionally

3

adequate bond hearing for the purposes of § 1226(a). Therefore, the Court finds that Respondents have violated Petitioner's rights under the INA and Due Process Clause by failing to provide her a constitutionally adequate bond hearing, and habeas relief is appropriate.

Additionally, and alternatively, the Court further finds that the Petition shall be granted because Petitioner's prolonged detention violates her substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026). The Court finds the Mardanpour analysis applies to individuals detained under Section 1226(a). See Dong v. Mullin, 26-cv-1818-MIS-LF, ECF No. 13 at 3-4 (D.N.M. July 7, 2026). Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981). Under the circumstances of this case, Petitioner's indefinite, ongoing detention of over seven months with no reasonably foreseeable end in sight, is constitutionally excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal. Therefore, Petitioner's detention is punitive and a violation of her Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Further, because of the length of Petitioner's detention, Petitioner's well documented ties to the U.S. and close familial relationships within the U.S., and the fact that Respondents have provided no facts to suggest Petitioner is either a danger to the community or a flight risk, the Court finds that immediate, conditional release is the appropriate remedy. See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

## IV. Conclusion

Accordingly, it is **HEREBY ORDERED** that:

1.   Petitioner Cinthia Guadlupe Escalante Salcido's Petition for a Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.   Respondents are **ORDERED** to immediately release Petitioner from detention subject to reasonable conditions of release;

3.   Respondents are **ENJOINED** from re-detaining Petitioner without conducting a constitutionally adequate pre-deprivation bond hearing pursuant to 8 U.S.C. § 1226(a) and In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006);

4.   The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

5